UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Sierra Club,<br><br>        Plaintiff,<br><br>vs.<br><br>Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>        Defendant. | Case No. 11-cv-236 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
_____

Plaintiff Sierra Club, through its undersigned counsel, complains as follows:

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*

2. Sierra Club seeks an order requiring the Defendant Lisa Jackson, the Administrator of the U.S. Environmental Protection Agency ("Administrator"), to perform her non-discretionary duty to grant or deny its petition to object to the proposed Clean Air Act Title V Operating Permit Renewal, Permit No. 436034390-P10 ("Permit"), for Carmeuse Lime & Stone's lime kiln facility located at 4111 Rockwood Road, Manitowoc, Wisconsin ("Carmeuse Facility"). Sierra Club's petition was submitted to the Administrator pursuant to CAA § 505(b)(2), 42 U.S.C. § 42 U.S.C. 7661d(b)(2) on January 13, 2010.

## PARTIES

3. Sierra Club is an incorporated, not-for-profit organization with headquarters at 85 Second Street, San Francisco, California, and a Midwest Regional Office located at 122 W. Wisconsin Ave., Suite 830, Madison, WI 53703. Its purpose is to preserve, protect, and enhance the natural environment. The mission of the Sierra Club is to influence public, private, and corporate policies through programs at the local, state, national, and international levels. Sierra Club has over one million members and supporters nationwide and more than 15,000 members and supporters in Wisconsin.

4. Sierra Club's members live, work, and recreate around the Carmeuse Facility in Manitowoc, Wisconsin. Sierra Club's members breathe, use and enjoy the ambient air in around Manitowoc. Their health and use of the air is impaired by the pollution in the air caused by the Carmeuse Facility. The facility includes a lime kiln that emits numerous pollutants, including sulfur oxides, nitrogen oxides, particulates, carbon monoxide and hazardous air pollutants, which negatively impact Sierra Club's members. Sierra Club's members are directly harmed by the Administrator's delay in responding to Plaintiff's petition to object to the proposed Permit for the Carmeuse Facility. An objection by the Administrator would result in reduced air pollution from the lime kiln, thereby alleviating, in part, some of the air pollution that injures Sierra Club's members.

5. Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely respond to Plaintiff's petition. Sierra Club and its members have the right

to petition for judicial review of the Administrator's final decision and to enforce the final revised permit terms once issued. The Administrator's failure to respond to Plaintiff's petition negatively affects Sierra Club's procedural rights under the CAA.

6. The Defendant, Lisa Jackson, is acting in her official capacity as the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA. Specifically, the Administrator is statutorily required to respond to petitions, such as the one Plaintiff filed, under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

8. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to the claim occurred in this District, and alternately pursuant to *id*. § 1391(e)(3) because Plaintiff Sierra Club resides in this District and no real property is involved in this action.

## NOTICE

9. Sierra Club gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54 by letter

sent via certified mail postmarked on December 27, 2010 ("Notice Letter") addressed to the Administrator.

10. Copies of Plaintiff's Notice Letter were sent by certified U.S. mail, postmarked on or before December 27, 2010, to the Attorney General of the United States; the Regional Administrator for U.S. EPA Region 5; the Secretary of the Wisconsin Department of Natural Resources ("WDNR"); and Carmeuse Lime and Stone.

11. More than 60 days have passed since Plaintiff provided its Notice Letter to the Administrator and others.

## FACTS

12. On or about July 3, 2009, WDNR released the draft Permit for public review and comment.

13. By letter dated August 1, 2009, Sierra Club submitted to WDNR timely public comments regarding the terms and conditions of the proposed Permit for the Carmeuse Facility.

14. On or about October 28, 2009, WDNR transmitted to the Administrator a copy of the proposed Permit for the Carmeuse Facility pursuant to 42 U.S.C. § 7661d(a)(1), thereby triggering the Administrator's 45-day review period under 42 U.S.C. § 7661d(b)(1).

15. The Administrator did not object to the proposed Permit for the Carmeuse Facility within its 45-day review period under 42 U.S.C. § 7661d(b)(1).

16. On December 15, 2009, WDNR issued the final Title V operating permit renewal (Permit No. 436034390-P10) for the Carmeuse Facility.

17. On or about January 13, 2010, within the 60-day petition period provided by 42 U.S.C. § 7661d(b)(2) and 40 CFR § 70.8(d), Sierra Club petitioned the Administrator to have the U.S. EPA object to the Permit for the Carmeuse Facility.

18. Plaintiff provided a copy of its petition to the permit applicant and owners of the permitted facility (Carmeuse Lime & Stone) and the permitting authority (WDNR) as required by CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

19. Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), Administrator Jackson had 60 days from January 13, 2010 to grant or deny Plaintiff's petition.

## CAUSE OF ACTION:
## FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY

20. Plaintiff incorporates and realleges paragraphs 1-19 above in their entirety and further alleges as follows:

21. Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), "If the Administrator does not object in writing to the issuance of a permit…any person may petition the Administrator to [object]…The Administrator _shall_ grant or deny such petition _within 60 days_ after the petition is filed." (emphasis added).

22. The 60-day period for the Administrator to either grant or deny Plaintiff's petition expired on or about March 15, 2010.

23. The Administrator's duty to grant or deny Plaintiff's petition within 60 days is not discretionary.

24. As of the date of this Complaint, the Administrator has neither granted nor denied Plaintiff's petition at issue. Thus, the Administrator's failure to perform her non-discretionary duty to grant or deny Plaintiff's petition is ongoing and will continue until enjoined and restrained by the Court.

25. The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to grant or deny Plaintiff's timely petition in CAA § 304(a), 42 U.S.C. § 7604(a).

## PRAYER FOR RELIEF

WHEREFORE, Sierra Club respectfully prays for this Court to:

A. Declare that the Administrator has a non-discretionary duty to grant or deny Plaintiff's timely petition to object to the Title V Operating Permit Renewal for Carmeuse Lime & Stone's Rockwell facility;

B. Declare that the Administrator's failure to grant or deny Plaintiff's petition is a violation of CAA § 505(b), 42 U.S.C. § 7661d(b);

C. Order the Administrator to grant or deny Plaintiff's petition by a date set by the Court;

D. Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d);

E. Retain jurisdiction over this action to ensure compliance with the Court's Order; and

F. Grant such other relief as is just and proper.

Dated: March 30, 2011.

        Attorneys for Plaintiff:

        MCGILLIVRAY WESTERBERG & BENDER LLC

        /s/ James N. Saul
        James N. Saul
        Wis. Bar No. 1067236
        David C. Bender
        Wis. Bar No. 1046102

        McGillivray Westerberg & Bender LLC
        305 S. Paterson St.
        Madison, WI 53703
        Tel. 608.310.3568
        Fax 608.310.3561
        saul@mwbattorneys.com
        bender@mwbattorneys.com